MCI SALES AND SERVICE, INC., f/k/a Hausman Bus Sales, Inc., and Motor Coach Industries Mexico, S.A. de C.V., f/k/a Dina Autobuses, S.A. de C.V., Appellants,

v.

James HINTON, Individually and as Representative of the Estate of Dolores Hinton, Deceased, et al., Appellees.

Nos. 10–06–00256–CV, 10–08–00353–CV.

Court of Appeals of Texas, Waco.

Oct. 15, 2008.

Thomas C. Wright, Wright Brown & Close LLP, Daryl G. Dursum, Adams & Reese LLP, Houston, Jim Dunnam, Dunnam & Dunnam LLP, Waco, John C. Dacus, Hartline Dacus Barger Dreyer & Kern, Dallas, Darrell L. Barger, Barger & Moss LLP, Corpus Christi, TX, for appellants.

Andrew L. Kerr, Strasburger & Price LLP, San Antonio, Stephen E. Harrison, Campbell Cherry Harrison Davis & Dove, David C. Alford, Alford & Gassaway PC, Waco, Thomas K. Brown, Fisher Boyd Brown Boudreaux & Huguenard, William G. Arnot III, Winstead PC, Houston, Michael A. Wash, Timothy M. Sulak, Morris Craven & Sulak LLP, Austin, Jack R. Crews, Baird Crews Schiller & Whitaker PC, Temple, TX, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**SEVERANCE AND REINSTATEMENT ORDER**

PER CURIAM.

Appellant[1] MCI Sales and Service, Inc. has filed a notice of bankruptcy advising this Court that it filed a voluntary bankruptcy petition on September 15, 2008. Accordingly, this appeal has been suspended because of the automatic bankruptcy stay. *See* Tex.R.App. P. 8.2; 11 U.S.C.A. § 362(a). However, the stay is effective only as to Appellant MCI Sales and Service, Inc., and the remaining appellant, Motor Coach Industries Mexico, S.A. de C.V., f/k/a Dina Autobuses, S.A. de C.V., cannot benefit from the stay. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000); *Ma–Stell, Inc. v. Anadarko E & P Co.*, No. 10–03–358–CV, 2005 WL 984785, at \*1 (Tex.App.-Waco Apr. 27, 2005, order); *Lisanti v. Dixon*, 147 S.W.3d 638, 641–42 (Tex.App.-Dallas 2004, pet. denied), *cert. denied*, 549 U.S. 818, 127 S.Ct. 83, 166 L.Ed.2d 30 (2006).

Accordingly, we sever the appeal of MCI Sales and Service, Inc. from the remainder of the appeal. *See* Tex.R.App. P. 8.3(b); *Ma–Stell*, 2005 WL 984785, at \*1. The Clerk of this Court shall docket the appeal of MCI Sales and Service, Inc. under cause number 10–08–00353–CV, styled *MCI Sales and Service, Inc. v. James Hinton, Individually and as Representative of the Estate of Dolores Hinton, Deceased, et al.*

This appeal is reinstated, and the Clerk of this Court shall re-style this appeal as *Motor Coach Industries Mexico, S.A. de C.V., f/k/a Dina Autobuses, S.A. de C.V. v. James Hinton, Individually and as Representative of the Estate of Dolores Hin-*

---

1. The two appellants in this cause are MCI Sales and Service, Inc., f/k/a Hausman Bus Sales, Inc., and Motor Coach Industries Mexi- co, S.A. de C.V., f/k/a Dina Autobuses, S.A. de C.V.

*ton, Deceased, et al. See Ma–Stell,* 2005 WL 984785, at *1.

Any time period allowed for action under the appellate rules that had begun to run and had not expired when this proceeding was suspended begins anew on the date of this order. *See* TEX.R.APP. P. 8.2; *Ma–Stell,* 2005 WL 984785, at *1.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting to severance and reinstatement order.

The Court's opinion and judgment in 10–06–00256–CV issued on September 10, 2008. On September 19, 2008, we received a notice of bankruptcy of one of the Appellants. On September 19, 2008, we also received Appellees' motion for extension of time to file a motion for rehearing. On September 22, 2008, we purported to grant the Appellees' motion for extension of time to file a motion for rehearing until October 27, 2008. On September 22, 2008, we received a letter from Appellants regarding the Court's purported order granting the extension after the notice of bankruptcy had been received. On October 7, 2008 we acknowledged the automatic stay due to having received the notice of bankruptcy, but did not acknowledge the date of the receipt or the effective date of the stay. Today we purport to sever the proceeding on our own motion. I would not.

I would first clarify the procedural posture of the stay by noting that the Court's September 22, 2008 order granting Appellees an extension of time in which to file their motion for rehearing and extending the due date until October 27, 2008 was a void order because it was issued after we had received notice of the bankruptcy stay. I would then inquire of the parties regarding whether the matter was appropriate for severance; in particular, whether the Appellees' claims against the Appellants are severable. In this proceeding it appears that the Appellees brought a single claim, albeit multiple theories of product liability, against multiple but related corporate Appellants. The judgment for each Appellee is for the same claim (multiple theories) and precisely the same damages jointly and severally against each Appellant. Before I vote to attempt to sever these Appellants, I would request briefing on the issue of severability. Further, it appears we may be creating an undesirable course of proceeding because, while represented by able counsel, none of the parties has sought this court's intervention in this manner.

Accordingly, I respectfully dissent from the severance and reinstatement order.