IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00353-CV

 

MCI Sales and Service, Inc.,

                                                                                      Appellant

v.

 

James Hinton, Individually and as 

Representative of the Estate of Dolores 

Hinton, Deceased, david hinton, obert 

kuryla, karen kuryla, hattie binns, reta 

haynes, melinda greger, alan horton, 

elaine horton, ruth powell, judy benson, 

james l. freeman, individually and as personal 

representative of the estate of jo catherine 

freeman, deceased, james f. freeman, melanie  

jo brooks, susan akers bills, individually and 

as executrix of the estates of robert melvin 

akers, deceased, and mildreD delois akers, 

deceased, robert melvin akers, jr., patsy beasley,
individually and as executrix of the estate of 

wayne beasley, deceased, shirley sommer, 

and peggy armstrong,

                                                                                    Appellees

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2003-2308-4

 



ORDER REINSTATING APPEAL










 

            MCI Sales and Service, Inc. together
with Motor Coach Industries Mexico, S.A. de C.V., appealed from a judgment
against them in the 170th District Court in McLennan County.  That appeal was
assigned case number 10-06-00256-CV.  In an opinion issued on September 10, 2008, this Court reversed the trial court’s judgment and remanded the case
to the trial court for further proceedings.  MCI Sales & Serv. v. Hinton,
272 S.W.3d 17 (Tex. App.—Waco 2008, pet. filed).  On September 15, 2008, MCI and several related entities filed for bankruptcy.  A notice of bankruptcy was
filed in this Court on September 19, 2008, resulting in an automatic stay of the appeal.  See Tex. R. App. P.
8.2; 11 U.S.C. § 362.  

            On October 15, 2008, this Court, on its own motion, severed MCI’s appeal and assigned it case number 10-08-00353-CV.  MCI Sales & Serv. v. Hinton, 272 S.W.3d 44 (Tex. App.—Waco
2008, order).  At the same time, the Court reinstated the appeal by Motor Coach
Industries Mexico.  The Court later issued a Memorandum Opinion announcing that
MCI’s appeal would be treated as closed unless reinstated on proper motion
“showing that the stay has been lifted or modified and specifying what action,
if any, is required from this Court upon reinstatement of the appeal.”  MCI
Sales & Serv. v. Hinton, No. 10-08-00353-CV, 2008 Tex. App. LEXIS 8200 (Tex. App.—Waco Oct. 29, 2008, no pet.).

            MCI’s motion to reinstate was filed by
this Court on May 5, 2009.  MCI stated in its motion that the United States
Bankruptcy Court for the District of Delaware issued an order on April 17, 2009 modifying and confirming the reorganization plan of Motor Coach Industries
International, Inc. and its affiliated debtors, including MCI.  According to
Section 12.9 of the plan, the automatic stay under 11 U.S.C. § 362 remained in
effect until the effective date of the plan.  On April 20, 2009, the debtors filed a notice in the bankruptcy proceeding establishing the plan’s effective date
as April 17, 2009.  Thus, the automatic stay was terminated on April 17.

            Because the automatic stay has been
terminated, MCI’s motion to reinstate is granted.  Accordingly, this appeal is
reinstated.  All time periods that had not expired by the date of the automatic
stay, September 15, 2008, begin anew and are measured from the date of this
order reinstating the appeal. [1]

 

                                                                        PER
CURIAM

Before
Chief Justice Gray, and

            Justice
Reyna

Appeal
reinstated

Order
issued and filed May 20, 2009

[CV06]









[1]
Justice Vance, a designated member of the panel assigned to this appeal did not
participate in deciding this motion.  He retired as of December 31, 2008.  Justice Davis did not participate in deciding this motion because he recused
himself from participation by an order signed on May 8, 2009.  We have determined that the assignment of a third judge to participate in deciding the motion is
unnecessary.  See Tex. R. App. P.
10.4 and 41.1.