In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00151-CV
_____

IN RE BNSF RAILWAY COMPANY

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 17-06-07457

MEMORANDUM OPINION

In this mandamus proceeding, BNSF Railway Company (BNSF) contends the trial court clearly abused its discretion by signing a protective order that is preempted by the Railway Labor Act and creates an unconstitutional prior restraint of speech. We deny the petition.

<u>Background and Procedure in the Trial Court</u>

John Austin Hill (Hill) is a railroad worker who alleges that he was injured while employed by BNSF. Hill filed an Original Petition against BNSF and another named defendant, wherein he alleged "FELA Negligence and Strict Liability" claims to recover for his alleged personal injuries. BNSF filed an answer to the claims,

1

asserting special exceptions, a general denial, and affirmative defenses. Hill later filed a Motion for Protective Order and for Sanctions against BNSF, alleging that he needed a protective order "to stop BNSF's unethical and illegal *ex parte* communications directly with him . . . in direct contravention of BNSF's written agreement not to, and in direct contravention of Texas Disciplinary Rule 4.02(a) and the Texas discovery rules."[1] Hill alleged that a BNSF medical department employee

---

[1] Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct is titled "Communication with One Represented by Counsel," and provides:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Tex. Disciplinary Rules of Prof'l Conduct R. 4.02(a) ("Texas Rule 4.02"), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9.

Comments to rule 4.02 emphasize that the rule is directed at efforts to "circumvent the lawyer-client relationship" existing between other persons, organizations or entities and their respective counsel. As such, the rule prohibits communications that "in form are between a lawyer's client and another person, organization or entity [] represented by counsel where, because of the lawyer's involvement in devising and controlling their content, such communication in substance [is] between the lawyer and the represented person . . ." Nevertheless, it does not prohibit communication between a lawyer's client and persons, organizations, or entities represented by counsel, "as long as the lawyer does not

had direct communications with Hill and that such communication violated Texas discovery rules and represented a breach of opposing counsel's ethical responsibilities. Hill also complained that the communications occurred after his counsel notified BNSF in writing not to contact Hill, and argued BNSF's conduct justified imposition of sanctions and a protective order from abusive discovery under Texas Rule of Civil Procedure 192.6.

BNSF filed a written response to the Motion for Protective Order and argued that such communications by the Medical and Environmental Health Department did not violate the rules of discovery or of professional conduct, were expressly allowed by and required by the applicable collective bargaining agreement (CBA), were of the same nature as their pre-suit communications, and were entirely work related.

BNSF also argued that Hill is a BNSF employee subject to and receiving medical management to process insurance claims and vocational rehabilitation services through a CBA. BNSF supported its response with an affidavit from the medical department employee, who explained that the CBA required BNSF to perform a return-to-work assessment and provide additional training if necessary,

cause or encourage the communication without the consent of the lawyer for the other party."

3

and it required Hill to communicate with BNSF regarding his medical status. Additionally, BNSF argued that no rule of professional conduct had been violated by routine communications between a BNSF medical department employee to an injured employee to provide assistance with an employee benefit. BNSF maintained that communications with an FELA Plaintiff about matters of employment that are governed by a CBA constitute "minor disputes" that must be resolved under the Railway Labor Act dispute resolution procedure.

The trial court entered an Order granting the protective order but the trial court did not fund that BNSF had violated any discovery rules or rules of professional responsibility and did not sanction BNSF. The trial court's Order provides that BNSF is prohibited from having any ex parte communications with Hill during the course of the lawsuit "concerning any issues the subject of the lawsuit."

On March 21, 2018, BNSF filed a motion for reconsideration or modification of the protective order. In the motion for reconsideration, BNSF complained for the first time that the protective order is overly broad and acts as a prior restraint on commercial speech, was not narrowly tailored to reflect the least restrictive means to protect the harm asserted by Hill, improperly includes any direct communication between Hill and any BNSF employee about when and in what capacity Hill can work, and precludes both Hill and BNSF from complying with the CBA or obtaining

4

work for Hill. For the first time, BNSF also attached a copy of the CBA agreement. The trial court has not ruled on the motion for reconsideration.

On March 29, 2018, Hill filed a motion for sanctions in which he argued that BNSF violated the protective order by sending a letter concerning vocational rehabilitation services directly to Hill after the protective order was entered. The trial court has not ruled on the motion for sanctions.

Mandamus Arguments

In its mandamus petition, BNSF initially argues the protective order is an impermissible prior restraint on protected speech. In the trial court, arguments regarding the First Amendment and prior restraint were first raised in BNSF's motion for reconsideration. We expressly decline to address these arguments because the trial court has not yet ruled upon the Motion for Reconsideration or Modification. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) ("A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request."). The record now before us indicates that on May 8, 2018, BNSF objected to the lack of a ruling but there is no complaint before us that the trial court has unreasonably delayed ruling on the motion for reconsideration.

Next, BNSF argues the dispute over BNSF's direct communications with Hill constitutes a "minor dispute" under the RLA and therefore the protective order is preempted by federal law, which grants the National Railroad Adjustment Board exclusive jurisdiction over all disputes between a railway and a railway employee regarding matters governed by a CBA. *See* 45 U.S.C. § 153(i) ("The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, . . . shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."). Furthermore, BNSF argues the protective order is void because it exceeds the trial court's jurisdiction by encroaching on a subject that is preempted by the RLA. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (mandamus relief is available if a trial court issues an order beyond its jurisdiction). Furthermore, if the order is void and beyond the trial court's jurisdiction, the relator need not show it did not have an adequate remedy by appeal. *Id.*

Analysis

In its Mandamus Petition, BNSF refers this Court to several sections of the CBA. One section referenced by BNSF requires that an injured employee furnish his supervisor with a doctor's recommendation indicating that he is able to return to service or that he be allowed to remain off duty for an approximate period of time. Another section of the CBA provides a procedure for terminating an employee for being absent without authority, and BNSF must send a notice to the employee's last address. BNSF argues that the protective order actively impedes the procedures in the CBA. For instance, BNSF argues, the protective order appears to preclude BNSF from accepting a doctor's recommendation from Hill unless it is willing to pay a lawyer to participate in the communication. BNSF also complains that the protective order precludes it from conducting a disciplinary hearing without attendance by lawyers for Hill and BNSF.

We agree that BNSF's examples hypothetically demonstrate that the protective order *may possibly* alter the ordinary communication and exchange of information between the employer and the employee under the CBA. However, BNSF has not shown that the protective order is void, or that it will interfere with the CBA. There is no active disciplinary proceeding or termination. BNSF has not established why if such were to arise, BNSF could not ask the trial court to modify

7

the protective order to allow it to proceed in the manner set forth in the CBA. Indeed, there is a pending motion to modify that the trial court has not yet ruled upon. Furthermore, BNSF does not explain why the required communications under the CBA could not be addressed to Hill in care of Hill's lawyer's office.

To obtain mandamus relief, BNSF "must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *Id.* "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). After examining and considering the mandamus petition and appendix, the mandamus record, the response and appendix, the CBA, and the applicable law, we conclude that BNSF has not established that it is entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.


PER CURIAM

8

Submitted on April 30, 2018
Opinion Delivered June 14, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.