## In re SOUTHWESTERN BELL TELEPHONE COMPANY, Relator.

No. 99–1212.

Supreme Court of Texas.

June 29, 2000.

Rehearing Overruled Aug. 24, 2000.

**10.** Tex. Gov't Code § 22.225(d).

Jacqueline M. Stroh, Sharon E. Callaway, Crofts Callaway & Jefferson, Javier Aguilar, San Antonio, for Relator.

Larry G. Hyden, Jordan Hyden Womble & Culbreth, J. Mitchell Clark, Law Offices of Mitchell Clark, William R. Edwards, John Blaise Gsanger, The Edwards Law Firm, Corpus Christi, for Respondent.

PER CURIAM.

In this mandamus proceeding, we decide whether a trial judge may set aside a venue transfer order one year after signing the order because one of several defendants declared bankruptcy. We hold that the trial judge did not have jurisdiction to set aside the venue transfer order and conditionally grant the writ.

In 1995, Donald Salch was killed in a car accident in Conway County, Arkansas. Dorothy Salch, Donald's mother, was named administratrix of her son's will. Salch sued a number of defendants, including Southwestern Bell and Builders Transport, in Refugio County, Texas, for her son's wrongful death. On January 26, 1998, Builders Transport moved to transfer venue to Dallas County because venue was proper there, or alternatively, because it was a more convenient forum. On March 23, 1998, Southwestern Bell moved to transfer venue to Bexar County or to Dallas County because venue was proper in those counties and was improper in Refugio County. Southwestern Bell also requested, alternatively, that the court grant Builders Transport's motion to transfer venue to Dallas County on forum non conveniens grounds.

After moving to transfer venue, but before the court ruled, Builders Transport filed for bankruptcy in Georgia. The trial judge signed an order on July 15, 1998, transferring the entire case to Dallas

County. Neither the court, the attorneys, nor the parties took any further action until one year later. On July 27, 1999, Salch filed a Motion to Set Aside Void Transfer Order and a Motion to Deny Venue Transfer. The Refugio County judge granted Salch's motions and set aside the 1998 venue transfer order. Thereafter, the trial court severed Salch's case against Builders Transport, and it is not a party to this proceeding.

Southwestern Bell filed a petition for writ of mandamus in the court of appeals asserting that the venue transfer order was valid in part and was effective to transfer the case against Southwestern Bell to Dallas County even if the order was ineffective for Builders Transport. The court of appeals held that the venue transfer order was void because of the Bankruptcy Code's automatic stay which went into effect when Builders Transport filed for bankruptcy. Thus, it held that the venue transfer order was ineffective to transfer the case against Southwestern Bell to Dallas County. The court reasoned that, in this case, the trial court intended to transfer the entire case to Dallas and it would not imply a severance absent some indication that the trial court intended one. Accordingly, the court denied the petition for writ of mandamus. 6 S.W.3d 753. Southwestern Bell then filed a petition for writ of mandamus in this Court.

The trial court's 1998 venue transfer order purported to transfer both defendants, Southwestern Bell and Builders Transport. Because Builders Transport filed for bankruptcy before the order was signed, we must first decide whether the venue transfer order was effective to transfer Southwestern Bell. Salch argues that the Bankruptcy Code's automatic stay provision, which abates any judicial proceeding against a debtor, makes the order void in its entirety. Salch also asserts that Southwestern Bell's motion to transfer venue was dependent on Builders Transport's motion and that the court cannot imply a severance in this case. We disagree.

■ When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates any judicial proceeding against that party. *See.* 11 U.S.C. § 362(a). However, the stay only operates against the debtor, and does not operate against non-debtors or even co-debtors, co-tortfeasors, or co-defendants. *See GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir.1985); *Carway v. Progressive County Mut. Ins. Co.,* 183 B.R. 769, 774–75 (S.D.Tex.1995); *Beutel v. Dallas County Flood Control Dist.,* 916 S.W.2d 685, 692 (Tex.App.—Waco 1996, writ denied). Further, courts have recognized that an express severance is not required for the proceedings to continue against the non-debtor. *See GATX,* 768 F.2d at 716; *see also Tunstill v. Scott,* 160 S.W.2d 65, 69 (Tex.1942); *Comer v. Brown,* 285 S.W. 307, 309 (Tex. Comm'n App.1926, judgm't adopted).

■ Here, only Builders Transport filed for bankruptcy. Thus, the stay applied only to Builders Transport and did not affect Southwestern Bell. Additionally, Southwestern Bell's venue transfer motion was not dependant on Builders Transport's motion. Southwestern Bell independently sought transfer to Dallas County, and alternatively, requested that the court grant Builders Transport's motion on forum non conveniens grounds. The trial court granted the motion to transfer venue for both defendants without stating a ground. Because Builders Transport filed for bankruptcy, the venue transfer order is void for Builders Transport, but it was effective to transfer the case against Southwestern Bell to Dallas County.

Because the venue transfer order was valid for Southwestern Bell, we must then decide whether the trial court could nonetheless set aside the order one year after signing it. Salch argues that even if the 1998 venue transfer order was not void in its entirety, the Bankruptcy Code's auto-

matic stay delays expiration of the trial court's plenary power. Thus, she argues that the trial court had authority to reconsider and set aside its earlier venue ruling. We disagree.

 After a trial court grants a motion to transfer venue, it retains plenary jurisdiction over the case for thirty days. *See HCA Health Servs. of Tex., Inc. v. Salinas,* 838 S.W.2d 246, 248 (Tex.1992, orig.proceeding). Even if the venue transfer is interlocutory for the parties, the order is final as far as the transferring court is concerned. *See Salinas,* 838 S.W.2d at 248. Here, the venue transfer order was void for Builders Transport but was effective for Southwestern Bell. Therefore, the trial court had thirty days after it signed the transfer order to vacate or modify that order. The trial court did not set the order aside until one year later, well after the court's plenary power had expired. Furthermore, no authority supports Salch's argument that the Bankruptcy Code's automatic stay, which took effect before the venue transfer order was signed, extended the court's plenary power.

Finally, we must determine whether mandamus relief is appropriate in this case. Mandamus relief is available only if the court clearly abused its discretion and the party has no adequate remedy by appeal. *See In re Long,* 984 S.W.2d 623, 625 (Tex.1999). Mandamus is proper if a trial court issues an order beyond its jurisdiction. *See In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998); *Board of Disciplinary Appeals v. McFall,* 888 S.W.2d 471, 472 (Tex.1994). Here, the trial court set aside the transfer order long after its plenary power had expired; therefore, its order was void and constituted an abuse of discretion. Further, because the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate. *See Dickason,* 987 S.W.2d at 571.

We conclude that the venue transfer order was valid to transfer Southwestern Bell and that the order to set aside the transfer was void because the trial court issued it outside the court's plenary power. Accordingly, without hearing oral argument, we conditionally grant mandamus relief. *See* Tex.R.App. P. 59.1. The writ will issue only if the trial court fails to comply.