IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00138-CV

No. 10-05-00231-CV

 

Teague Nursing Home, et al.,

                                                                      Appellants

 v.

 

MAUDIE WILSON, INDIVIDUALLY AND

BY AND THROUGH HER NEXT
FRIEND,

mINNIE cARSON,

                                                                      Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 03-08-23403-BCCV

 



SEVERANCE AND REINSTATEMENT
ORDER



 

          Appellants[1]
have filed a Notice of Bankruptcy Stay advising this Court that Appellant
Vernell Lee filed a voluntary bankruptcy petition on April 15, 2005.  Accordingly, this appeal has been suspended
because of the automatic bankruptcy stay. 
See Tex. R. App. P. 8.2; 11 U.S.C.A. § 362(a) (West 2004).  However, the stay is effective only as to
Vernell Lee, and the remaining appellants cannot benefit from the stay.  See In
re Sw. Bell Tel. Co., 35 S.W.3d 602, 604 (Tex. 2000); Ma-Stell, Inc. v. Anadarko E & P Co., No. 10-03-358-CV, 2005
Tex. App. LEXIS 3193, at *2 (Tex. App.—Waco Apr. 27, 2005, order); Lisanti v. Dixon, 147 S.W.3d 638, 641-42
(Tex. App.—Dallas 2004, pet. filed).

          Accordingly, we sever Vernell Lee’s
appeal from the remainder of the appeal. 
See Tex. R. App. P. 8.3(b); Ma-Stell,
2005 Tex.
App. LEXIS 3193, at *2.  The Clerk of
this Court shall docket Lee’s appeal under cause number 10-05-00231-CV, styled
Vernell Lee v. Maudie Wilson, individually and by and through her next friend, Minnie
Carson.  The Clerk shall note in the
severed cause that the Clerk’s and Reporter’s Records in this cause shall serve
as the Clerk’s and Reporter’s Records in the severed cause.  See
Ma-Stell, 2005 Tex.
App. LEXIS 3193, at *2-3.

          This appeal is reinstated, and the
Clerk of this Court shall re-style this appeal as Teague Nursing Home; Teague Management Co. dba
Teague Nursing Home; Chelsia Taylor, individually and dba Teague Nursing Home;
Hollis McGee, and Rita McAlpine v. Maudie Wilson, individually and by and through her
next friend, Minnie Carson.  See Ma-Stell, 2005 Tex. App. LEXIS 3193, at *3.

          Any time period allowed for action
under the appellate rules that had begun to run and had not expired when this
proceeding was suspended begins anew on the date of this order.  See
Tex. R. App. P. 8.2; Ma-Stell, 2005 Tex. App. LEXIS 3193, at *3.

          By letter dated April 8, 2005, the Clerk of this Court
notified Appellants that the order being appealed does not appear to be an
appealable interlocutory order under section 15.003 of the Civil Practice and
Remedies Code.  Appellants were advised
that they had twenty-one days to file a response showing grounds for continuing
the appeal.  Seven of those twenty-one
days had elapsed when Lee filed her bankruptcy petition.  Accordingly, Appellants’ response to this
notice will be due fourteen days after the date of this order.

          This Court purported to grant
Appellants’ motion for an extension of time to file the appellants’ brief on
April 19.  However, the appeal was
suspended at that time.  Accordingly, the
motion is granted and Appellants’ brief is due within 30 days after the date of
this order.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Order issued and filed May 25, 2005

[CV06]








 











    [1]       The appellants in this cause are Teague
Nursing Home; Teague Management Co. dba Teague Nursing Home; Chelsia Taylor,
individually and dba Teague Nursing Home; Hollis McGee, Rita McAlpine, and
Vernell Lee.








e="font-size: 12pt">Do not publish