IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00089-CV

No. 10-06-00094-CV

 

John and Mickey Margetis,

                                                                      Appellants

 v.

 

Ronald and Donna Neystel,

                                                                      Appellees

 

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 05-C-3554

 



SEVERANCE AND REINSTATEMENT ORDER



 








          The
trial court signed a default judgment against Appellants John and Mickey
Margetis jointly and severally on October 6, 2005.  The Margetises advised the
trial court in a pro se motion for new trial filed on October 28 and in
an amended motion for new trial filed by counsel on November 4 that Mickey
Margetis was “in federal bankruptcy.”  After a hearing, the court denied the
Margetises’ amended motion for new trial by order signed December 17.  Mickey
Margetis filed a suggestion of bankruptcy with the trial court on December 30,
advising that she had filed a voluntary bankruptcy petition nearly six months
earlier on July 1, 2005.  Nevertheless, Appellants John and Mickey Margetis
filed a notice of appeal on January 17, 2006.

          These proceedings have been suspended
because of the automatic bankruptcy stay.  See 11 U.S.C.A. § 362(a)
(West 2004); Tex. R. App. P. 8.2.
 However, the stay is effective only as to Mickey Margetis, and John
Margetis cannot benefit from the stay.  See In re Sw. Bell Tel. Co., 35
S.W.3d 602, 604 (Tex. 2000); Ma-Stell, Inc. v. Anadarko E & P Co.,
No. 10-03-00358-CV, 2005 Tex. App. LEXIS 3193, at *2 (Tex. App.—Waco Apr. 27, 2005,
order); Lisanti v. Dixon, 147 S.W.3d 638, 641-42 (Tex. App.—Dallas 2004,
pet. denied).

          Accordingly, we sever John Margetis’s
appeal from Mickey Margetis’s appeal.  See Tex. R. App. P. 8.3(b); Ma-Stell, 2005 Tex. App. LEXIS 3193, at *2.  The Clerk of this Court shall docket Mickey Margetis’s appeal
under cause number 10-06-00094-CV, styled Mickey Margetis v. Ronald and Donna
Neystel.  The Clerk shall note in the severed cause that the Clerk’s and
Reporter’s Records in this cause shall serve as the Clerk’s and Reporter’s
Records in the severed cause.  See Ma-Stell, 2005 Tex. App. LEXIS 3193,
at *2-3.

          This appeal is reinstated, and the
Clerk of this Court shall re-style this appeal as John Margetis v. Ronald and
Donna Neystel.  See Tex. R. App.
P. 8.3(b); Ma-Stell, 2005 Tex. App. LEXIS 3193, at *3.

          Any time period allowed for action
under the appellate rules that had begun to run and had not expired when this
proceeding was suspended begins anew on the date of this order.  See Tex. R. App. P. 8.2; Ma-Stell,
2005 Tex. App. LEXIS 3193, at *3.

          The clerk’s record has been received
and will be filed in this appeal on the date of this order.  The trial court’s
docket sheet indicates that a record was made at the default judgment hearing. 
Accordingly, the reporter’s record is due on or before July 19, 2006.[1]

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissents without a separate opinion)

Order issued and filed
April 12, 2006

[CV06]









[1]
          We treat the bankruptcy stay as
having taken effect on October 28, 2005 when the Margetises first notified the
trial court that a bankruptcy proceeding was pending.  This was 22 days after
the court signed the default judgment.  Because the Margetises filed a motion
for new trial, the court reporter has 120 days after judgment to file the
reporter’s record.  See Tex. R.
App. P. 35.1(a).  Accordingly, we conclude that the court reporter still
has 98 days to file the record.  Id. 8.2; Ma-Stell, Inc. v. Anadarko E & P Co., No.
10-03-358-CV, 2005 Tex. App. LEXIS 3193, at *3 (Tex. App.—Waco Apr. 27, 2005,
order).








mso-no-proof:yes'>Somervell County, Texas

Trial Court # C09371

 



MEMORANDUM 
Opinion



 

          Appellant has filed a motion to dismiss this appeal under Rule
of Appellate Procedure 42.1(a)(1).  See
Tex. R. App. P. 42.1(a)(1).  Appellees do not oppose the motion.  Accordingly, the appeal is dismissed.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed October
 20, 2004

[CV06]