Petition for Writ of Mandamus Denied,
in part, Conditionally Granted, in part, and Memorandum Opinion filed January
20, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01124-CV

____________

 

IN RE JP MORGAN CHASE BANK, N.A., Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            In this original proceeding, relator, JP Morgan Chase Bank,
N.A., seeks a writ of mandamus ordering the respondent, the Honorable John A.
Ellisor, Jr., Judge of the 122nd District Court, Galveston County, Texas, to
vacate his orders dated June 7, 2010, July 1, 2010, and October 13, 2010,
entered in trial court cause numbers 09-CV-1848 and 09-CV-1848-A, styled George
Dixon v. Washington Mutual, JP Morgan Chase Bank, N.A., Codilis &
Stawiarski, P.C., and Steve Leva, in his capacity as Substitute Trustee. 
Relator claims the orders are void.  Further, relator asks this court to
dismiss trial court cause numbers 09-CV-1848 and 09-CV-1848-A for lack of
subject matter jurisdiction.

            A default judgment was entered by the trial court on April
28, 2010.  On June 7, 2010, the trial court granted a temporary restraining
order.  A temporary injunction was then granted on July 1, 2010.  On October
13, 2010, the trial court severed the claims against relator and denied
relator’s plea to the jurisdiction.

“Mandamus is proper if a trial court issues an order beyond
its jurisdiction.”  In re Southwestern Bell Telephone Co., 35 S.W.3d
602, 605 (Tex. 2000, orig. proceeding).  The trial court in this case entered
orders long after its plenary power had expired; therefore, its orders were
void and constituted an abuse of discretion.  Id.  Because the orders were
void, relator need not show it did not have an adequate appellate remedy and
mandamus relief is appropriate.  Id.

            The record reflects the trial court’s plenary power expired
on May 28, 2010.  Because the temporary restraining order, signed June 7, 2010,
was subsumed by the temporary injunction entered July 1, 2010, the temporary
restraining order is of no effect.  The order granting the temporary injunction
signed on July 1, 2010, the order granting the severance signed October 13,
2010, and the order denying the plea to the jurisdiction signed October 13,
2010, were signed after the trial court’s plenary power expired and are therefore
void.        

Relator further asks this court to dismiss trial court cause
numbers 09-CV-1848 and 09-CV-1848-A for lack of subject matter jurisdiction. 
Because the severance order signed October 13, 2010, is void, cause number
09-CV-1848-A ceases to exist.  Relator provides no authority for this court to
dismiss the original suit, 09-CV-1848.  We decline to do so and, in part, deny
the mandamus.

            We
conditionally grant the petition for a writ of mandamus, in part, and direct
the trial court to vacate its orders dated July 1, 2010 and October 13, 2010,
entered in trial court cause number 09-CV-1848, styled George Dixon v.
Washington Mutual, JP Morgan Chase Bank, N.A., Codilis & Stawiarski, P.C.,
and Steve Leva, in his capacity as Substitute Trustee.  The writ will issue
only if the trial court fails to act in accordance with this opinion.

                                                                                                                                    

                                                                                    

                                                                        PER
CURIAM

 

 

Panel
consists of Justices Seymore, Boyce, and Christopher.