**Motion for Rehearing Denied As Moot; Petition for Writ of Mandamus Denied; Memorandum Opinion of October 19, 2017 Withdrawn, and Substitute Memorandum Opinion filed December 14, 2017.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-17-00712-CV**

---

**IN RE CAREY J. CLEMONS-ALI, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-57994**

---

## SUBSTITUTE MEMORANDUM OPINION

We withdraw our memorandum opinion of October 19, 2017, and issue this substitute memorandum opinion.

On September 6, 2017, relator Carey J. Clemons-Ali filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 ((West Supp. 2017);

*see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Alicia Franklin York, presiding judge of the 311th District Court of Harris County, to vacate an "Order in Suit Affecting the Parent-Child Relationship" signed on August 9, 2016 (the Final Order).[1]

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator asserts various arguments in support of the proposition that the Final Order is void. If an order is void, the relator need not show the lack of an adequate at law. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Relator also challenges the merits of the trial court's rulings. As to these challenges, relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy at law. *See In re Prudential Ins. Co.*, 148 S.W.3d at 135–36.

Relator has not established that she is entitled to mandamus relief. We therefore deny relator's petition for writ of mandamus.

Relator's motion for rehearing is denied as moot.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.

---

[1] This order was a final, appealable order because it disposed of all pending parties and claims. An order that disposes of all pending parties and claims in the record is a final, appealable order. *Lehmann v. Har–Con Corp.*, 39 S.W. 3d 191, 195 (Tex. 2001).