**Opinion issued November 17, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-20-00665-CV**

————————————

## IN RE VOLT ELECTRICITY PROVIDER, LP, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Volt Electricity Provider, LP, has filed a petition for a writ of mandamus challenging the trial court's order denying its plea to the jurisdiction and its motion to dismiss for lack of subject matter jurisdiction which asserted that the claims of real party in interest, Dalal Said, are within the exclusive jurisdiction of

the Public Utility Commission (the "PUC") pursuant to the Public Utility Regulatory Act.[1]

We deny relator's petition for writ of mandamus.[2]

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). "Mandamus relief is available only if the trial court clearly abused its discretion and the party has no adequate remedy by appeal." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). Generally, mandamus relief is not available to correct incidental trial court rulings where there is a remedy by appeal, including the granting or denial of a plea to the jurisdiction. *See In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004). However, Texas law recognizes an exception to this general rule, allowing mandamus review of a trial court's order denying a plea to the jurisdiction where a party has failed to exhaust administrative remedies before the PUC because "permitting a trial to go forward would interfere with the important legislatively mandated function and purpose of the PUC." *Id.* at 321; *see also In re Tex.-N.M. Power Co.*, No. 10-19-00166-CV, 2019 WL 3822274, at *2 (Tex. App.— Waco Aug. 14, 2019, orig. proceeding) (mem. op.).

---

[1]    *See* TEX. UTIL. CODE § 11.001 *et seq.*

[2]    The underlying case is *Dalal Said, on behalf of herself and all others similarly situated v. Volt Electricity Provider, LP*, Cause No. 2020-13088, in the 215th District Court of Harris County, Texas, the Honorable Elaine Palmer presiding.

While this exception applies here, the burden to establish an abuse of discretion by the trial court remains with relator, who must show that the trial court has reached a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law by its failure to analyze or apply the law correctly. *See In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010). We conclude that relator has not demonstrated that the trial court committed an abuse of discretion in denying relator's plea to the jurisdiction and motion to dismiss.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Adams.