**Petition for Writ of Mandamus Conditionally Granted, Stay Order Lifted, and Memorandum Opinion filed April 15, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00144-CV

### IN RE SOLIDWOOD FOREST EXPRESS, LLC d/b/a TOMBALL FOREST EXPRESS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**157th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2019-03774 and 2019-03774-A**

## MEMORANDUM OPINION

Relator Solidwood Forest Express, LLC d/b/a Tomball Forest Express ("Tomball") petitioned for a writ of mandamus complaining of two orders signed by the Honorable Tonya Garrison, presiding judge of the 157th District Court, in cause number 2019-03774: (1) the interlocutory default award signed on August 4, 2020 ("Default Order"); and (2) the severance order signed on September 17, 2020 ("Severance Order"). Relator also complains of the final judgment ("Judgment") Judge Garrison signed on October 16, 2020 in cause number 2019-03774-A (the "Severed Action"). Relator contends both orders and the Judgment are void because

they were signed after the trial court lost plenary power. Further, relator seeks relief from the writ of execution issued on December 14, 2020 regarding the Judgment. On March 17, 2021, this court granted relator's unopposed emergency motion to stay the Judgment and ordered that no efforts shall be made to execute or collect the Judgment.

At our request, real party in interest Steven Patrick Schnell filed a response to the petition for mandamus. Schnell concedes the Default Order and the Severance Order are void. He attached to his response the Withdraw[al] of Default Judgment and Severance Order signed by the trial court on April 1, 2021 ("Withdrawal"). The Withdrawal states:

> On March 15, 2021, the Court received the Defendant's Petition for Writ of Mandamus. The Defendant's argument is that the Court did not have jurisdiction to enter a Default on August 4, 2020 because the case was dismissed on March 30, 2019. The Court agrees with the Defendant. The Court lost jurisdiction over this case on June 29, 2019. As such, the Court was without jurisdiction to enter the Default and the Severance Order on September 17, 2020. Both of those orders are withdrawn.

Because the Default Order and the Severance Order have been withdrawn, the petition for writ of mandamus is moot with respect to those orders.

The petition is not moot with respect to the Judgment in the Severed Action, however, because the trial court has not withdrawn it. Accordingly, we consider whether relator is entitled to mandamus relief with respect to the Judgment.

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy at law, such as an appeal. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or

if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The issuance of a void order is an abuse of discretion. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). When an order is void, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *Id.*

When a severance order is void, the severed cause created by that order is void. *In re JP Morgan Chase Bank, N.A.*, No. 14-10-01124-CV, 2011 WL 193505, at *1 (Tex. App.—Houston [14th Dist.] Jan. 20, 2011, orig. proceeding) (per curiam) (mem. op.) ("Because the severance order signed October 13, 2010, is void, [the severed cause] ceases to exist."); *Berger v. King*, No. 01-06-00871-CV, 2007 WL 1775991, at *2 n.5 (Tex. App.—Houston [1st Dist.] June 21, 2007, pet. denied) (mem. op.) (Because severance orders were signed after trial court lost plenary power, "the severance orders and the cause numbers assigned by them are void . . . ."). In this case, the Severance Order has been withdrawn. As a result, the Severed Action is void, and all actions taken in the Severed Action are void, including signing of the Judgment and issuance of the writ of execution.

We conditionally grant mandamus relief and direct the trial court to vacate the Judgment and the writ of execution. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so. Our stay order of March 17, 2021 is lifted.

/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.