

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MRC PERMIAN COMPANY, | § | |
| Appellant/Cross Appellee, | § | |
| | § | |
| v. | § | |
| | § | |
| POINT ENERGY PARTNERS PERMIAN | | No. 08-19-00124-CV |
| LLC; TJ BAR, LLC; TUBB MEMORIAL, | § | |
| AN OREGON LIMITED | | Appeal from the |
| PARTNERSHIP; PLAINSCAPITAL | § | |
| BANK, TRUSTEE FOR THE DEBORAH | | 143rd District Court |
| JACKSON REVOCABLE TRUST; | § | |
| BANK OF AMERICA, N.A., TRUSTEE | | of Loving County, Texas |
| FOR THE JANELLE JACKSON | § | |
| MARITAL TRUST PART M2, JANELLE | | (TC# 17-06-869) |
| JACKSON MARITAL TRUST PART | § | |
| M1, AND FAMILY CREDIT SHELTER | | |
| TRUST PART B; VORTUS | § | |
| INVESTMENT ADVISORS, LLC; JOHN | | |
| SABIA; and BRYAN MOODY, | § | |
| | | |
| Appellees/Cross-Appellants. | § | |
| | | |
| | § | |

--- AND ---

| | |
|---|---|
| | § |
| MRC PERMIAN COMPANY, | |
| | § |

|                                   |   |                        |
|-----------------------------------|---|------------------------|
| Appellant/Cross Appellee,         | § | No. 08-21-00065-CV     |
| v.                                | § | Appeal from the        |
| HOLLAND ACQUISITIONS, INC.,       | § | 143rd District Court   |
| D/B/A HOLLAND SERVICES;           | § |                        |
| Appellee/Cross-Appellant.         | § | of Loving County, Texas |
|                                   |   | (TC# 17-06-869)        |
|                                   | § |                        |

# **O R D E R**

On March 15, 2021, this Court issued a majority opinion and judgment, along with an opinion concurring in part and dissenting in part, in Cause No. 08-19-00124-CV. Three days later, on March 18, 2021, Appellee/Cross-Appellant Holland Acquisitions, Inc. (Holland), gave notice in that cause under Texas Rule of Appellate Procedure 8.1 that it had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court, District of Delaware, Cause Number 21-10374-JTD, on February 4, 2021. *See* TEX.R.APP.P. 8.1 (provision permitting a party's filing of a notice of bankruptcy and setting forth the notice requirements).

*Withdrawal of Opinions and Judgment*

Federal law provides that once a petition in bankruptcy is filed, it operates as an automatic stay against the commencement or continuation of any judicial, administrative, or other proceedings against the debtor. 11 U.S.C. § 362(a). Any actions taken in violation of the automatic stay, including judgments or other court actions, are voided. *Kalb v. Feuerstein*, 308 U.S.433, 440 (1940). Because an appeal is a continuation of judicial action, it is automatically stayed if it is "against the debtor." 11 U.S.C. § 362(a). Generally, if the debtor was the plaintiff in the court

2

below, the stay does not apply; if the debtor was the defendant, or one of several defendants, as was the case here, any further action in the cause is automatically stayed. *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986). Further, the Texas Rules of Appellate Procedure state:

> A bankruptcy suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law.

TEX. R. APP. P. 8.2.

By virtue of the above-mentioned rules, this case was stayed as of February 4, 2021, even though we were not aware of the bankruptcy filing until March 18, 2021. In that short interim, we unknowingly issued a majority opinion and a concurring and dissenting opinion, and a judgment, in Cause No. 08-19-00124-CV. Having now received notice of Holland's bankruptcy, we withdraw said opinions and judgment of March 15, 2021. This order does not preclude reissuance of the same or substantially the same opinions and judgment in this cause—or in an appeal severed as to Holland once the bankruptcy stay is lifted. *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992).

*Severance and Reinstatement*

Texas Rule of Appellate Procedure 8.3 provides that a "party may move to sever the appeal with respect to the bankrupt party and to reinstate the appeal with respect to the other parties." *See* TEX.R.APP.P. 8.3(b). Accordingly, on April 14, 2021, Point Energy Partners Permian LLC (Point Energy), Appellee/Cross-Appellant of Cause No. 08-19-00124-CV, filed an Unopposed Motion to Sever Appellee Holland, and the motion contained a certificate of conference indicating that counsel for all other parties were not opposed to the severance. Rule 8.3 requires that such motion

3

"show that the case is severable and must comply with applicable federal law regarding severance of a bankrupt party." *Id*. We agree that, because the other parties to the appeal in that cause did not file for bankruptcy, the automatic stay due to Holland's bankruptcy does not apply to any of those parties. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000) ("When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates any judicial proceeding against that party. However, the stay only operates against the debtor, and does not operate against non-debtors or even co-debtors, co-tortfeasors, or co-defendants."). Moreover, the non-bankrupt parties cannot benefit from the stay afforded to Holland. *See Lisanti v. Dixon*, 147 S.W.3d 638, 642 (Tex. App.—Dallas 2004, pet. denied).

Accordingly, we grant Point Energy's motion to sever the appeal of Cause No. 08-19-00124-CV with respect to Holland. *See* TEX.R.APP.P. 8.3(b). The Clerk shall create Cause No. 08-21-00065-CV, styled *MRC Permian Company v. Holland Acquisitions Inc., d/b/a Holland Services*, and shall note in the severed cause that the Clerk's and Reporter's Records in Cause No. 08-19-00124-CV shall serve as the Clerk's and Reporter's Records in the severed cause. The severed appeal will remain removed from our active docket and the parties shall promptly inform this Court of the resolution of Holland's bankruptcy proceeding or any other event authorizing reinstatement of that appeal. *See* TEX. R. APP. P. 8.3(a).

Further, Cause No. 08-19-00124-CV is reinstated pursuant to TEX. R. APP. P. 8.3(b). The Clerk of this Court is ordered to re-style Cause No. 08-19-00124-CV as *MRC Permian Company v. Point Energy Partners Permian LLC; TJ Bar, LLC; Tubb Memorial, an Oregon Limited Partnership; PlainsCapital Bank, trustee for the Deborah Jackson Revocable Trust; Bank of America, N.A., trustee for the Janelle Jackson Marital Trust Part M2, Janelle Jackson Marital*

4

*Trust Part M1, and Family Credit Shelter Trust Part B; Vortus Investment Advisors, LLC; John Sabia; and Bryan Moody.*

Aside from our opinions and judgment, which are withdrawn, any paper filed in Cause No. 08-19-00124-CV while the proceeding was suspended will be deemed filed on this day—but after this severance and reinstatement—and will not be considered ineffective because it was filed while the proceeding was suspended. *See* TEX. R. APP. P. 8.2. Having been reinstated, the appeal in Cause No. 08-19-00124-CV shall proceed in due course.

IT IS SO ORDERED THIS 28TH DAY OF APRIL, 2021.


GINA M. PALAFOX, Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.