

# NUMBER 13-23-00401-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DEBORAH RHEMAN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Deborah Rheman filed a petition for writ of mandamus through which she seeks to compel the trial court to vacate an order extending post-judgment deadlines under Texas Rule of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a(4), (5) (delineating the procedure to follow when a party fails to receive timely notice of a judgment or other

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

appealable order).[2] Relator contends that the trial court's order is void.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus relief is also appropriate when a trial court issues an order "beyond its jurisdiction" because the order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Thomas Rheman, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
5th day of February, 2024.

---

[2] Relator also filed a motion for leave to file her petition for writ of mandamus. We dismiss this motion as moot because leave is not required to file an original proceeding in an intermediate appellate court. *See* TEX. R. APP. P. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam); *see also In re Rodriguez*, No. 13-21-00003-CV, 2021 WL 79289, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2021, orig. proceeding) (mem. op.).