

# IN THE
# TENTH COURT OF APPEALS

———————

## No. 10-24-00046-CV

## IN RE MARCUS LEWIS

———————

## Original Proceeding

### From the County Court at Law
### Navarro County, Texas
### Trial Court No. C22-30681-CV

## DISSENTING OPINION

The petition asks this Court to compel the trial court to enforce this Court's mandate from an earlier appeal. *In re G.D.L.*, No. 10-23-00011-CV, 2023 Tex. App. LEXIS 6798 (Tex. App.—Waco Aug. 30, 2023, no pet.). We do not enforce mandates. Rather, we enforce our judgments. So, if that semantic nuance is the reason the Court is denying the petition, we should say that so that the parties can change the label and we can reach the merits of a potentially very problematic conundrum.

Of course, the Court could also be taking the view that we can enforce our judgment by a motion filed in the original appeal in which the judgment was rendered.

Thus, with an adequate remedy available, the Court could have concluded that extraordinary relief by granting a petition for a writ of mandamus is inappropriate. However, generally mandamus has been determined to be appropriate when the trial court is taking any action that is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). But, if the reason that the Court is denying the petition for a writ of mandamus is because there is another available method to obtain relief, we should explain why relief by way of mandamus is being denied.

Or, we could do what courts do when a document is mislabeled, but it is clear as to what it actually is. In this particular instance, the petition for a writ of mandamus is in reality and in effect a motion to enforce this Court's judgment. We should.

This Court's judgment in the earlier appeal was that "the action brought by [Aunt] is dismissed." That "action" was docketed in the trial court as No. C22-30681-CV and the appeal was docketed in this Court as No. 10-23-00011-CV. The "action" was dismissed because, regardless of how well-intentioned she may be, the Court determined that Aunt did not have standing to interfere in the life of her niece.[1]

While I will concede that "action" is sometimes an imprecise term that can cause confusion, in this instance there can be no doubt what this Court's judgment accomplished. It dismissed the proceeding that had been pending in the trial court and had been appealed. It was a rendition by this Court. It was not a remand for further

---

[1] Aunt did not file a brief as the appellee or otherwise appear in the original appeal, which has exacerbated the complications overall.

action. It was not a remand to dismiss the action. It was not a remand for further proceedings consistent with the opinion. This Court's judgment was a final judgment which disposed of the trial court proceeding because we rendered the judgment the trial court should have rendered; a dismissal of the action. The opinion of the Court explains the procedural background and the legal analysis of why the action was dismissed. The Court had determined that Aunt did not have standing under the Family Code to seek a modification of the parent-child relationship or to seek a transfer to Navarro County of the SAPCR pending in Dallas County. That is the *ratio decidendi* for the Court's rendition of a dismissal of the action; the reason for the decision.

Aunt did not seek review of the judgment rendered by this Court. Thus, this Court's mandate issued to enforce this Court's judgment on October 31, 2023. And on the next day, right or wrong, Aunt attempted to start another case in the same trial court proceeding in the Navarro County Court at Law that this Court had dismissed.

G.D.L. is Relator's (Father) daughter. Father and Mother were divorced in a proceeding in the 256th District Court of Dallas County. After the divorce, G.D.L.'s mother untimely passed away. It is undisputed that at that time the Dallas County District Court had continuing, exclusive jurisdiction of their child, G.D.L.

The current controversy started when, in Dallas County, Aunt brought a petition to modify the parent-child relationship between Father and G.D.L. and a motion to transfer the suit, aka "action" or "case," to Navarro County, asserting that she had standing to file the petition and that the child had resided in Navarro County for over six

months. Father was properly served with the petition and the motion to transfer but did not file a controverting affidavit challenging the motion to transfer. *See* TEX. FAM. CODE §155.204(d).

Maybe the trial court should have done more to determine if Aunt had standing to file the petition to modify and motion to transfer and thus actively determine whether it had jurisdiction of Aunt's request, but at that point, based on the information it had before it, the Dallas County district court was statutorily required to transfer the proceeding to Navarro County pursuant to Section 155.201(b). TEX. FAM. CODE §155.201(b) ("the court shall … transfer the proceeding…"). Thus, I do not fault the Dallas County district court for what it did, notwithstanding that we have subsequently determined Aunt did not have standing and thus the trial court did not have the jurisdiction to grant Aunt's requested relief.

The court in Navarro County signed an order that purported to modify the parent-child relationship, giving Aunt the right to establish the child's domicile. Father appealed that judgment to this Court in the original appeal. This Court determined that Aunt did not have standing and rendered judgment dismissing the "action."

Once this Court's judgment became final, there was no longer anything pending in Navarro County. Aunt has suffered a determination by this Court that she did not have standing to bring the petition to modify the parent-child relationship or the motion to transfer that were originally filed in Dallas County.

The difficulty has arisen due to the lack of clarity in the Family Code regarding

how the courts or the parties "undo" an erroneous transfer. That difficulty was exacerbated by this Court's judgment which did not address the geographic status of the case at the conclusion of the original appeal. Since we determined that Aunt did not have standing at the time she filed the motion to transfer, the trial court's order transferring the proceeding to Navarro County, like the Navarro County Court at Law's judgment purporting to modify the conservatorship, is void. Our judgment rendered a dismissal of everything in Navarro County. Therefore, the 256th District Court of Dallas County is the trial court that still has continuing, exclusive jurisdiction of the child and any suit affecting the parent-child relationship between Father and G.D.L. should be filed in that court.

Accordingly, anything the trial court in Navarro County now attempts to do regarding the parent-child relationship between Father and G.D.L. is void. We should treat the filing presented by Father for what it is, a motion to enforce our judgment, and as necessary to the enforcement of our judgment, we should now expressly declare that continuing, exclusive jurisdiction of a suit affecting the parent-child relationship between Father and G.D.L. is in the 256th District Court of Dallas County. Because the Court denies the relief to which Father is entitled, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed August 30, 2024