

# NUMBER 13-25-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KAITLAN ROSS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By pro se petition for writ of mandamus, relator Kaitlan Ross seeks to compel the trial court to: (1) vacate all orders issued from November 15, 2018, to May 20, 2025, in the underlying suit affecting the parent-child relationship because the orders are void; (2) transfer venue of the suit from Matagorda County, Texas, to Lampasas County, Texas, and (3) dismiss an August 17, 2023 petition to modify "for lack of affidavit, service,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

and compelling state interest." Relator also raises various other issues pertaining to, *inter alia*, venue, jurisdiction, recusal, and ex parte hearings. Relator requests temporary relief to stay the trial court proceedings pending the resolution of her petition for writ of mandamus. *See* TEX. R. APP. P. 52.10. Relator has also filed a motion requesting that we seal one portion of her appendix.

Mandamus is an "extraordinary remedy." *In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) (per curiam) (quoting *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding)). Mandamus, which is is discretionary in nature, is governed by equitable principles. *In re First Reserve Mgmt., L.P.*, 671 S.W.3d 653, 663 (Tex. 2023) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Dall. HERO*, 698 S.W.3d 242, 247 (Tex. 2024) (orig. proceeding); *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). Alternatively, when a trial issues an order "beyond its jurisdiction," mandamus relief is appropriate because the order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). In such circumstances, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met her burden to

obtain mandamus relief. Accordingly, we deny relator's request for temporary relief, her motion to seal, and her petition for writ of mandamus.

YSMAEL FONSECA
Justice

Delivered and filed on the
5th day of June, 2025.

3