**Opinion issued August 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00502-CV

———————————

## IN RE GABRIELLE SOWELL, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

In this mandamus proceeding, relator Gabrielle Sowell asserts that the trial court abused its discretion by granting a new trial after its plenary power expired. Because we agree, we conditionally grant mandamus relief.[1]

---

[1] The underlying case is *Linda Rose Camacho v. Gabrielle Sowell*, cause number 24-CV-0166, pending in the 405th District Court of Galveston County, Texas, the Honorable Jared Robinson presiding.

**Background**

The underlying case involves a dispute over real property. On January 31, 2024, Linda Rose Camacho sued Sowell for trespass to try title and, alternatively, to quiet title. Sowell filed special exceptions to Camacho's petition. The trial court granted the special exceptions and ordered Camacho to replead within ten days.

On January 15, 2025, Sowell moved to dismiss the suit on the ground that Camacho failed to comply with the trial court's order requiring her to replead. The next day, January 16, 2025, the trial court granted the motion and dismissed the suit "in its entirety with prejudice to [Camacho's] rights to refile same."

On February 7, 2025, Camacho filed a motion for new trial. She argued that she did not have the opportunity to respond to the dismissal motion because it was granted one day after it was filed. Five days later, Camacho filed a first amended motion for new trial expanding her argument. The trial court did not rule on either the original or the first amended motion for new trial.

Camacho filed a second amended motion for new trial on March 11, 2025. The trial court granted the second amended motion on May 6, 2025.

**Void Order**

In her sole issue, Sowell argues that the May 6 order granting Camacho's second amended motion for new trial is void because the trial court lacked plenary

power to grant it. She asks that we grant mandamus relief and order the trial court to vacate the order. We requested a response from Camacho, but no response was filed.

## A. Standard of Review

Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023). A trial court abuses its discretion when it signs an order after its plenary power expires. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). An order granting a new trial signed after the trial court's plenary power has expired is void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008). A relator challenging a void order need not show that she lacks an adequate remedy by appeal. *Sw. Bell. Tel. Co.*, 35 S.W.3d at 605.

## B. Applicable Law

A motion for new trial "shall be filed prior to or within thirty days after the judgment or other order complained of is signed." TEX. R. CIV. P. 329b(a). An amended motion for new trial "may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed." *Id.* R. 329b(b). A motion for new trial is overruled by operation of law if it "is not determined by written order signed within seventy-five days after the judgment was signed." *Id.* R.

3

329b(c). A trial court retains plenary power for thirty days after a motion for new trial is overruled "either by a written and signed order or by operation of law." *Id.* R. 329b(e).

**C.    Analysis**

Here, the trial court signed its judgment—the order dismissing Sowell's suit—on January 16, 2025. Camacho's first amended motion for new trial was timely filed within thirty days of that date, but her second amended motion was untimely. *See id.* R. 329b(a), (b). The first amended motion was overruled by operation of law on April 1, 2025, seventy-five days after the judgment was signed. *See id.* R. 329b(c). The trial court retained plenary power over the suit for another thirty days, until May 1, 2025. *See id.* R. 329b(e). Because the trial court granted the second amended motion for new trial on May 6—five days after the court lost plenary power—the May 6 order is void. *See id.*; *Brookshire Grocery Co.*, 250 S.W.3d at 72.

We conclude that the trial court abused its discretion when it signed the May 6 order. *See Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Because the May 6 order is void, Sowell need not show that she lacks an adequate appellate remedy. *See id.* We hold that Sowell is entitled to mandamus relief. *See id.*; *In re Patchen*, No. 01-16-00947-CV, 2017 WL 976077, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, orig. proceeding) (mem. op.) (granting mandamus relief because trial court signed order granting new trial after its plenary power expired).

4

## Conclusion

We conditionally grant Sowell's mandamus petition and order the trial court to vacate its May 6, 2025 order granting the second amended motion for new trial. A writ will issue only if the trial court fails to comply.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.