

# NUMBER 13-25-00691-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CYNTHIA R. DEGOLLADO AND ADRIAN DEGOLLADO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relators Cynthia R. Degollado and Adrian Degollado assert that: (1) the probate court abused its discretion by issuing and enforcing orders after dismissing the underlying guardianship proceeding; (2) the Texas Estates Code does not authorize "a trial court to initiate or continue a guardianship sua sponte after dismissal, without a hearing, without a finding, and without an order"; and (3) "post-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

dismissal orders that restrain liberty and family integrity constitute irreparable harm warranting mandamus relief." Relators have also filed an emergency motion for temporary relief seeking to "stay and suspend enforcement of all post-dismissal orders."

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). However, when a trial court's order is void, mandamus relief is appropriate, and the relator does not have to show that it lacks an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the emergency motion for temporary relief.

JENNY CRON
Justice

Delivered and filed on the
7th day of January, 2026.

2