

# NUMBER 13-26-00127-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RAMON M. DIANA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By pro se petition for writ of mandamus, relator Ramon M. Diana asserts that the trial court: (1) abused its discretion and acted without jurisdiction by issuing enforcement orders in violation of this Court's mandate and "controlling stay orders"; (2) "lacked authority to award or re-package attorney's fees"; and (3) "acted ultra vires by pursuing coercive enforcement—including capias, receivership, and forced sale—after the parties

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

jointly withdrew enforcement, thereby eliminating any live controversy and violating due process." Relator seeks emergency temporary relief to immediately stay all further trial court enforcement actions pending the resolution of his petition for writ of mandamus. Relator's contentions in this original proceeding concern events in the trial court following our disposition of an appeal and a related petition for writ of mandamus. *See In re K.D.*, No. 13-24-00111-CV, 2025 WL 1742224, at *1 (Tex. App.—Corpus Christi–Edinburg June 23, 2025, pet. denied) (affirming final orders regarding the parent-child relationship, the division of property, and child support); *In re Diana*, No. 13-25-00236-CV, 2025 WL 1742228, at *1 (Tex. App.—Corpus Christi–Edinburg June 23, 2025, orig. proceeding) (mem. op.) (denying mandamus relief regarding various orders based on "lack of jurisdiction and improper service"); *see also In re Diana*, No. 13-24-00287-CV, 2024 WL 3221597, at *1 (Tex. App.—Corpus Christi–Edinburg June 28, 2024, orig. proceeding) (mem. op.) (conditionally granting mandamus relief and directing the trial court to schedule a hearing regarding possession and access to minor children). We deny the petition for writ of mandamus.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). In such circumstances, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d

2

256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny relator's petition for writ of mandamus and his request for emergency temporary relief.

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of February, 2026.