

# NUMBER 13-26-00271-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LAWRENCE BERRY ET AL.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice West[1]

By petition for writ of mandamus, relators Lawrence Berry, individually and as trustee of the Allen Lawrence Berry Trust, directly and derivatively on behalf of Becon, Inc, LDMA Limited Partnership, and Berry GP, Inc.; Becon, Inc.; LDMA Limited Partnership; and Berry GP, Inc. assert that the trial court abused its discretion by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

rendering a void or voidable summary judgment. We deny the petition for writ of mandamus.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). If the order is void, the relator need not show that it lacks an adequate remedy by appeal. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Court, having examined and fully considered the petition for writ of mandamus, the joint response filed by real parties in interest Bonnie Berry, individually and as independent executor of the Estate of Dennis Berry; Berry GP, Inc.; Redfish Bay Terminals, Inc.; Canada Project Holdings Inc.; Axis Midstream Holdings; and Marvin Glen

2

Berry, relators' reply thereto, the record, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. *See In re Bell Helicopter Servs. Inc.*, No. 24-0883, 2026 WL 1108684, at *7 (Tex. Apr. 24, 2026) (orig. proceeding); *In re Delgado*, No. 08-23-00225-CV, 2023 WL 6566394, at *6 (Tex. App.—El Paso Oct. 9, 2023, orig. proceeding) (mem. op.). Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b). We dismiss the real parties' joint motion to lift the stay as moot. We deny the petition for writ of mandamus.

JON WEST
Justice

Delivered and filed on the
28th day of May, 2026.