

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00341-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:      Liza A. Rodriguez, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: October 12, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The fifteen-year-old child at the center of this case, M.T.M.S., is in the temporary managing conservatorship of the Department of Family and Protective Services. Following a permanency progress report hearing, the trial court ordered an electronic ankle monitor placed on M.T.M.S. "for GPS tracking through Recovery Monitoring Services." The trial court also directed the Department to prepare "any paperwork or contracts" needed to facilitate the electronic monitoring of M.T.M.S. and assessed the ankle monitor cost against the Department.

The Department filed a mandamus petition and a motion for temporary emergency relief complaining of the trial court's ankle monitor orders. We granted temporary relief and stayed the

---

[1] This proceeding arises out of Cause No. 2021-PA-00518, styled *In the Interest of M.T.M.S., a child*, pending in the 131st Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez signed the order challenged in this proceeding.

trial court's orders. We also invited the respondent and the real parties in interest to file a response. Only M.T.M.S.'s attorney ad litem filed a response. We conditionally grant mandamus relief.

## BACKGROUND

On March 21, 2021, the Department filed an original petition for protection of a child, conservatorship, and termination of parental rights. The Department sought emergency removal of M.T.M.S. because she had run away from home and her father had refused to pick her up from an emergency shelter.[2] The trial court appointed the Department temporary managing conservator of M.T.M.S. The Department placed M.T.M.S. in several different placements, but M.T.M.S. ran away from these placements.

On June 7, 2022, the trial court held a hearing to review the Department's permanency progress report. *See* TEX. FAM. CODE ANN. § 263.306 (governing permanency hearings before a final order). At the time, the trial court had not yet rendered a final order in the case and M.T.M.S. was being detained in a juvenile detention center. During the hearing, the trial court elicited testimony from the Department's primary legal caseworker about attaching an electronic monitoring device to M.T.M.S.'s ankle. The Department's primary legal caseworker testified that an ankle monitor would be in M.T.M.S.'s best interest. At the end of the hearing, the trial court ordered the placement of an ankle monitor on M.T.M.S. and assessed the cost of the ankle monitor against the Department. On June 27, 2022, the trial court signed a written order stating:

> 3.1. IT IS ORDERED that the child be placed on electronic monitoring through an ankle monitor for 60-Days from the day she is released from detention, for GPS tracking through Recovery Monitoring Services.
>
> 3.2. IT IS ORDERED that the cost for the ankle monitor is assessed against the Texas Department of Family and Protective Services. The Department is further

---

[2] The parental rights of M.T.M.S.'s mother were terminated in a previous case.

tasked with preparing any paperwork or contracts that need to be negotiated to have the monitor [] attached to the child upon release from the detention center.

The Department did not object to these orders in the trial court.

The Department then filed a petition for writ of mandamus in this court. In its first amended mandamus petition, the Department argues the above-quoted orders: (1) are not in M.T.M.S.'s best interest; (2) violate the Separation of Powers Clause of the Texas Constitution; and (3) are barred by sovereign immunity.[3]

## STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, the relator must show the trial court's orders constitute a clear abuse of discretion and it has no adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). "Mandamus is proper if a trial court issues an order beyond its jurisdiction." *Id*. "If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The right to mandamus relief usually requires a predicate request for some action and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). Error preservation rules generally apply to mandamus proceedings. *See In re Am. Optical Corp.*, 988

---

[3] The Department's first amended mandamus petition also challenges parts of a July 5, 2022 order involving the payment of certain travel expenses. The amended mandamus petition was accompanied by a second motion for temporary emergency relief, which we partially granted.

On July 22, 2022, the Department filed a motion to dismiss the parts of its first amended mandamus petition challenging the July 5, 2022 order. The Department's motion for partial dismissal is GRANTED, and the parts of the first amended mandamus petition involving the July 5, 2022 order are DISMISSED. Our order staying parts of the July 5, 2022 order is LIFTED.

S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (refusing to consider an argument when the relator failed to make a specific objection in the trial court).

ANALYSIS

### *Best Interest of the Child*

The Department argues trial court's ankle monitor orders are not in M.T.M.S.'s best interest because subjecting her to ongoing electronic ankle monitoring would deprive her of her liberty. To preserve this complaint for appellate review, the Department was required to present it to the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *In re Am. Optical Corp.*, 988 S.W.2d at 714. However, the Department failed to do so. We conclude the Department has not preserved this complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1); *In re Am. Optical Corp.*, 988 S.W.2d at 714.

### *Separation of Powers Clause*

Next, the Department argues the trial court's ankle monitor orders violate the Separation of Powers Clause of the Texas Constitution because they require the Department to enter into a contractual agreement with a specific service provider. Again, the Department did not present this complaint to the trial court.

Nevertheless, the separation of powers doctrine is a limit on a trial court's jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Board*, 852 S.W.2d 440, 444 (Tex. 1993). Because a Separation of Powers Clause complaint implicates the trial court's jurisdiction, it may be raised for the first time on appeal. *See In re Pixler*, 584 S.W.3d 79, 83-84 (Tex. App.—Fort Worth 2018, orig. proceeding) (stating that a lack of subject-matter jurisdiction is fundamental error that can be raised for the first time in the original proceeding context); *see also In re Gonzalez*, 115 S.W.3d 36, 41 (Tex. App.—San Antonio 2003, orig. proceeding) (holding error was waived by relator's failure to object when error was procedural rather than jurisdictional).

In deciding the merits of this complaint, we are guided by two cases involving similar orders made by the same trial court. In the first case, *In re Texas Department of Family and Protective Servs.*, No. 04-22-00040-CV, 2022 WL 1751377, at *2 (Tex. App.—San Antonio June 1, 2022, orig. proceeding), the same trial court, albeit in a different case involving a different child, ordered the Department to submit written contractual offers to specific child-placement facilities in the amount of $2,000 per day and to include in its written offers an additional $500 per day subsidy for therapy/counseling services. We concluded the trial court's orders violated the Separation of Powers Clause and were void. *Id*. at *9. The challenged orders were rendered after a final order pursuant to section 263.5031(4) of the Family Code. We examined section 263.5031(4) and determined that nothing in the statute authorized the trial court to impose specific contractual obligations on the Department. *Id*. at *7. We also noted that under section 40.058(a) of the Human Resources Code the legislature delegated to the Department the authority to negotiate and execute the contracts necessary to perform its duties. *Id*. at *6-7. Therefore, we held that the trial court's order requiring the Department to submit written offers to specific child-placement facilities unduly interfered with the powers of the legislative branch. *Id*. at *8.

In the second case, *In re Texas Department of Family and Protective Servs.*, No. 04-22-340-CV, 2022 WL 4227566, at *1 (Tex. App.—San Antonio Sept. 14, 2022, orig. proceeding), the same trial court ordered a child in another case placed on electronic monitoring through the same service provider, Recovery Monitoring Services, and assessed the $300 per month cost against the Department. *Id*. We determined that nothing in the pertinent statute, section 263.5031(4) of the Family Code, and nothing in the trial court's inherent powers authorized the trial court to impose on the Department a specific contractual obligation with a specific service provider. *See id*. at *3-5. Rather, in section 40.058(a) of the Human Resources Code, the legislature delegated to the Department the sole authority to negotiate and execute contracts in furtherance of

its powers and duties. *Id*. at \*5. Therefore, we held that the trial court's order directing the Department to procure a contract for ankle monitoring services with a specific service provider unduly interfered with the Department's legislatively conferred power. *Id*. Additionally, we determined that the Department, through rules and procedures adopted by the Health and Human Services Commission, was legislatively delegated the authority to procure its goods and services under section 2155.144(b) of the Government Code. *Id*. Additionally, we noted that under section 2155.144(c) of the Government Code, the Department was required to comply with certain statutory requirements, including providing the best value to the agency, when procuring goods and services such as an ankle monitor and associated monitoring services. *Id*. For these reasons, we concluded the trial court's order was void because it violated the Separation of Powers Clause, and conditionally granted mandamus relief. *Id*. at \*6.

In this case, the challenged orders were made before the trial court rendered a final order. Therefore, the trial court's review was governed by section 263.306(5), not section 263.5031(4), of the Family Code. Despite this distinction, we reach the same conclusion. Like section 263.5031(4), section 263.306(5) requires the trial court to review, among other things, the Department's permanency progress report to determine the child's safety and well-being and the continuing necessity and appropriateness of the child's placement. TEX. FAM. CODE 263.306(5). And, like section 263.5031(4), nothing in section 263.306(5) provides "any authority under which a court may, following its review of the permanency progress report, impose specific contractual obligations on the Department." *See In re Texas Department of Family and Protective Servs.*, 2022 WL 4227566, at \*4. Because the legislature specifically delegated to the Department the power to negotiate and execute contracts in furtherance of its powers and duties, the trial court had no authority to order the Department to contract with a specific service provider for an ankle monitor

for M.T.M.S. *See id*.; *In re Texas Department of Family and Protective Servs.*, 2022 WL 1751377, at *8.

"Where one branch of government assumes powers more properly attached to another branch or unduly interferes with the powers of another, any resulting order is void." *In re Texas Department of Family and Protective Servs.*, 2022 WL 4227566, at *2. We hold that paragraphs 3.1 and 3.2 of the trial court's June 27, 2022 order violate the Separation of Powers Clause of the Texas Constitution. *See id*. at *5 (holding the trial court unduly interfered with a legislatively conferred power of the Department when the trial court ordered the Department to procure a contract with Recovery Monitoring Services); *In re Texas Department of Family and Protective Servs.*, 2022 WL 1751377, at *8 (holding the trial court unduly interfered with the powers of the legislative branch when it ordered the Department to submit written offers to specific child-placement agencies).

Based on our disposition of this issue, we need not address the Department's remaining complaint that the trial court's ankle monitor orders are barred by sovereign immunity. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We conditionally grant the petition for writ of mandamus as to paragraphs 3.1 and 3.2 of the trial court's June 7, 2022 order. We direct the trial court to vacate paragraphs 3.1 and 3.2 in its June 27, 2022 order, no later than fifteen days from the date of this opinion. We are confident the trial court will promptly comply, and the writ will issue only if it does not do so.

Liza A. Rodriguez, Justice