

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-23-00865-CV

**IN RE TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES**,
Relator

Original Mandamus Proceeding[1]

Opinion by:     Liza A. Rodriguez, Justice
Concurring Opinion by: Patricia O. Alvarez, Justice; joined by Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: March 27, 2024

AMENDED PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The Texas Department of Family and Protective Services seeks mandamus review of five

orders requiring it to provide specific services to a child in its care and to search for a placement

for the child that satisfies specific criteria. We conditionally grant mandamus relief.

### BACKGROUND

The Department is the permanent managing conservator of J.D., the seventeen-year-old

child who is the subject of the underlying matter pending in the trial court. The Department has

been J.D.'s permanent managing conservator since June 29, 2021, when the trial court entered a

final order terminating the parental rights of J.D.'s parents. Since then, the trial court has held

---

[1]This original mandamus proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., a Child*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

periodic permanency review hearings pursuant to section 263.501 of the family code. *See* TEX. FAM. CODE § 263.501 (requiring the trial court to conduct permanency review hearings in cases in which the Department has been named the child's managing conservator in a final order terminating a parent's parental rights "at least once every six months until the [D]epartment is no longer the child's managing conservator.").[2]

On September 15, 2023, the trial court held a permanency review hearing. During the hearing, the trial court stated:

> I am ordering that the Department, through or separate from the placement, to provide an education handler or aid[e] for this child for all hours and minutes he is at school. I leave it to the managing conservator to determine the credentials for such handler or aid[e]. But there is an adult that will be going with this child similar to a hand-to-hand situation to school, to all of his classes and will be sitting with him and walking with him and helping him get through whatever it is he needs to get through so he can go to school.
>
> I'm ordering the Department to get that done and have that person in place no later than the start of the school bell for the day Monday, September 25th 2023….
>
> ….
>
> …The child specific contract that governs where the child is currently placed at Tree of Life shall be circulated in its entirety to all attorneys of record. If there is anything missing from that contract or if there's anything that needs to be modified in that contract, that needs to be raised at the next permanency hearing.
>
> And, finally, if this child disappears from care at his current placement at Tree of Life or if the current placement at Tree of Life gives a discharge notice, the Department is ordered, within 48 hours, to begin searching for a placement for this

---

[2]In four prior opinions, this court has conditionally granted mandamus relief and directed the trial court to vacate various orders arising from the same trial court cause number. *See In re Tex. Dep't of Family and Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (orders to secure two nannies, a therapist, a private tutor, and a placement for J.D.); *In re Tex. Dep't of Family and Protective Servs.*, No. 04-22-00087-CV, 2022 WL 3219596 (Tex. App.—San Antonio Aug. 10, 2022, orig. proceeding) (orders requiring Department to draft child specific contracts and circulate them to child placing agencies); *In re Tex. Dep't of Family and Protective Servs.*, No. 04-22-00163-CV, 2022 WL 2821251 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (orders requiring the Department to secure and pay for a court reporter for depositions of Department personnel); *In re Tex. Dep't of Family and Protective Servs.*, No. 04-22-00196-CV, 2022 WL 2442169 (Tex. App.—San Antonio July 6, 2022, orig. proceeding) (orders directing Department caseworker assignments and discipline of Department personnel).

child that is a lockdown facility, meaning it is gated, meaning that he is under 24 hour supervision and meaning that he is getting educated and therapy in a hand-to-hand scenario so he will not at any point in time be outside of adult supervision.

The trial court's verbal orders were reduced to writing. On September 19, 2023, the trial court signed an order containing the following provisions:

2.2 IT IS ORDERED THAT CPS, independently or through the child's placement, Tree of Life, shall provide by the start of the school day on Monday, September 25, 2023, an education handler for the child, to attend school with the child, accompany the child during every school period, assist the child in transitioning from one class to another and sit with the child in every class[.]

2.6 IT IS FURTHER ORDERED THAT if the child leaves Tree of Life or the placement gives discharge notice on the child, CPS shall within 48 hours begin searching for placement at a lockdown facility, that is gated, provides 24-hour supervision and meets the educational and therapeutic needs of the child.

On September 25, 2023, the Department filed a petition for a writ of mandamus and a motion for temporary relief. In its mandamus petition, the Department argued that paragraph 2.2—the provision requiring the Department to provide an education handler for J.D.—violates the Separation of Powers Clause of the Texas Constitution and is void. We issued an order requesting a response, granting the Department's motion for temporary relief in part, and staying paragraph 2.2 pending consideration of the mandamus petition.

On October 11, 2023, the trial court held another permanency review hearing at which it made additional verbal orders. Again, the trial court's verbal orders were reduced to writing. On October 16, 2023, the trial court signed an order containing the following provisions:

3.3 IT IS FURTHER ORDERED that the Department will provide the child with supervision for the child 24 hours a day 7 days a week, "hand to hand", including at school, while sleeping and during extra-curricular activities;

3.4. IT IS FURTHER ORDERED that the Department shall provide daily therapy for the child beginning October 12, 2023;

…

3.6  IT IS FURTHER ORDERED that the Department shall provide the child with daily tutoring for Math and Reading until the child has the math and reading skills of a 10th grade student in their second semester, beginning October 12, 2023.

On October 13, 2023, the Department filed an amended petition for a writ of mandamus arguing that both paragraphs 2.2 and 2.6 of the September 19, 2023 order, and paragraphs 3.3, 3.4, and 3.6 of the October 16, 2023 order violate the Separation of Powers Clause of the Texas Constitution and are void. We issued an order requesting a response, granting the Department's motion for temporary relief, and staying paragraphs 2.2 and 2.6 of the September 19, 2023 order, and paragraphs 3.3, 3.4, and 3.6 of the October 16, 2023 order pending consideration of the amended mandamus petition. We also stayed any contempt proceedings, sanctions, or any enforcement actions related to paragraphs 2.2 and 2.6 of the September 19, 2023 order and to paragraphs 3.3, 3.4, and 3.6 of the October 16, 2023 order.

## STANDARD OF REVIEW AND APPLICABLE LAW

"Mandamus relief is warranted when the trial court clearly abuses its discretion, and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "Mandamus is [also] proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). "If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

**ANALYSIS**

In its amended mandamus petition, the Department argues the trial court lacked the authority to order the Department to contract and pay for an education handler, a daily therapist, a daily tutor, round-the-clock adult supervision, and to "search for" a placement satisfying specific criteria. The Department contends that the Legislature granted the Department, not the trial court, the authority to determine which services to provide to the children in its care, to procure its goods and services, and to determine what to pay for goods and services in accordance with the law and the budget appropriated by the Legislature. According to the Department, the challenged orders violate the Separation of Powers Clause of the Texas Constitution.[3] These arguments echo the arguments the Department has made in a series of mandamus proceedings complaining that the same trial court violated the Separation of Powers Clause by ordering the Department to expend funds in a particular manner. *See, e.g., In re Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d 248, 257 (Tex. App.—San Antonio 2022, orig. proceeding) (holding orders requiring the Department to secure ankle monitoring for a child with a specific company and to pay associated costs violated the Separation of Powers Clause and was void); *In re Tex. Dep't Family and Protective Servs.*, 660 S.W.3d 161, 171 (Tex. App.—San Antonio 2022, orig. proceeding) (recognizing "the Legislature delegated the power to negotiate and execute child-specific contracts to the Department.").

---

[3]The Separation of Powers Clause provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in instances herein expressly permitted.

TEX. CONST. art. II, § 1.

"The Separation of Powers Clause is violated (1) when one branch of government assumes power more properly attached to another branch or (2) when one branch unduly interferes with another branch so that the other cannot effectively exercise its constitutionally assigned powers." *In re D.W.*, 249 S.W.3d 625, 635 (Tex. App.—Fort Worth 2008, pet. denied). "Where one branch of government assumes power more properly attached to another branch or unduly interferes with the powers of another, any resulting order is void." *In re Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d at 168.

The orders challenged in this mandamus proceeding were rendered at permanency hearings following a final order. *See* TEX. FAM. CODE § 263.5031. At such hearings, the trial court is authorized to "review" the permanency progress report filed by the Department. *In re Tex. Dep't of Family and Protective Servs.*, 679 S.W.3d 266, 276 (Tex. App.—San Antonio 2023, orig. proceeding). "The inclusion of 'review' within the text of section 263.5031(a)(4) allows the court to inspect, consider, or reexamine the Department's permanency progress report." *Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d, 161, 171 (Tex. App.—San Antonio 2022, orig. proceeding). As we have previously explained, at a permanency review hearing the trial court may assess the safety and well-being of the child and whether the child's needs are being adequately addressed. *In re Tex. Dep't of Family and Protective Servs.*, 660 S.W3d at 257. However, we have also explained that "the [L]egislature gave the Department the authority to determine which goods and services to provide the children in its care and how much to pay for those goods and services." *Id.* (citing TEX. GOV'T CODE § 2155.144(c),(d)). We have held that when the trial court orders the Department to enter into specific contracts to provide specific services to the children in the Department's care, it violates the Separation of Powers Clause of the Texas Constitution. *See, e.g., In re Tex. Dep't of Family and Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313, at *6-7 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding). "While the trial court has continuing

jurisdiction over the case and the parties and has the statutory authority to review the actions taken by the Department on behalf of a child under its care, the court may not usurp legislative authority by substituting its policy judgment for that of the Department." *In re Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d at 171 (internal quotation marks and brackets omitted).

**Orders to provide specific services for J.D.**

We first address the trial court's orders requiring the Department to provide specific services to J.D. The trial court ordered the Department to: (1) provide J.D. an education handler at school; (2) provide J.D. with supervision "24 hours a day, 7 days a week"; (3) provide J.D. with daily therapy; and (4) provide J.D. with daily tutoring for math and reading.

Our analysis is guided by two cases involving similar orders rendered by the same trial court during permanency review hearings. In the first case, we held that an order requiring "the Department to provide 'an autism expert on site designated to be working . . . for all shifts mornings, evenings and night'" violated the Separation of Powers Clause of the Texas Constitution and was void. *In re Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d 175, 177 (Tex. App.—San Antonio 2022, orig. proceeding). Because the order was void, we conditionally granted mandamus relief directing the trial court to vacate the order. *Id*. In the second case, we held that orders requiring the Department to secure two nannies, a therapist, and a private tutor for the child violated the Separation of Powers Clause and were void. *In re Tex. Dep't of Family and Protective Servs.*, 2023 WL 5418313, at *6. We conditionally granted mandamus relief directing the trial court to vacate the orders. *Id.* at *8. Notably, the orders vacated in the second case involved the same child as in the instant proceeding, J.D.

The provisions challenged in the instant proceeding—orders requiring the Department to provide J.D. an education handler, round-the-clock supervision, daily therapy, and daily tutoring—are indistinguishable from the orders challenged in the above-cited cases. We, therefore, hold that

the trial court's orders requiring the Department to provide J.D. with an education handler, round-the-clock supervision, daily therapy, and daily math and reading tutoring violate the Separation of Powers Clause and are void. *See In re Tex. Dep't of Family and Protective Servs.*, 2023 WL 5418313, at *6; *In re Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d at 177.

**Order to search for a placement facility**

We next consider the trial court's September 19, 2023 order requiring the Department to search for a placement facility satisfying specific criteria. The challenged placement order states:

> [I]f the child leaves Tree of Life or the placement gives discharge notice on the child, CPS shall within 48 hours begin searching for placement at a lockdown facility, that is gated, provides 24-hour supervision and meets the educational and therapeutic needs of the child.

We addressed a similar order in *In re Tex. Dep't of Family and Protective Servs.*, 2023 WL 5418313, at *7. There, the trial court ordered the Department "to find . . . a licensed placement for this child that shall commit to providing no discharge notice for this child until December 31st 2023." It further stated: "So the Department is ordered to negotiate whatever contract they are going to negotiate to make sure the child's needs regarding stability of licensed placement are met." *Id*. We held the trial court's order was void as a violation of the Separation of Powers Clause of the Texas Constitution "[b]ecause [it] was for the purpose of requiring the Department to negotiate a specific agreement." *Id*.

Here, as in the previously-cited case, the record demonstrates that the trial court's placement order "was for the purpose of requiring the Department to negotiate a specific agreement." *See id*. The record shows that J.D.'s last official day in placement at Tree of Life was October 5, 2023, and therefore, by the October 11, 2023 permanency review hearing, the Department was trying to find a new placement for J.D. At the October 11, 2023 hearing, the trial court asked the Department what it was "doing to ensure that there will be 24-hour supervision,

that there will be security on all doors and windows, sensors, cameras and a gate." The trial court also commented: "How is it that the [D]epartment is looking for a placement that do[es] not meet the qualifications or the criteria of a court order . . . I just don't understand." Near the end of the hearing, the trial court stated:

> The State of Texas has resources. The [D]epartment is the managing conservator. The [D]epartment should be doing what other managing conservators with resources do for their children that have high needs. Find the placement and get the child specific contract in place.
>
> Again, I refer everyone to the transcript of what was ordered on September 15th with a lockdown facility. . . . The facility that was ordered for this child is . . . what the court determined . . . the child needed; secured windows, secured doors, a gate, 24-hour supervision. . . .[F]ind placement accordingly.

We conclude the challenged placement order was for the purpose of requiring the Department to negotiate a specific agreement. Accordingly, it violates the Separation of Powers Clause and is void.

The attorney ad litem for the child has filed responses in which she asserts that the trial court had the authority to render the challenged orders pursuant to section 153.371(3)[4] and section 263.5031(a)(4)(A),(D),(E)[5] of the family code. We have examined the statutes cited by the

---

[4]Section 153.371(3) provides, in relevant part, that the Department has the "duty" "as a managing conservator of the child" "to provide the child with . . . education." TEX. FAM. CODE § 153.371(3).

[5]Section 263.5031(a)(4)(A),(D),(E) provides:

> At each permanency hearing after the trial court renders a final order, the court shall . . . review the [Department's] permanency progress report to determine:
>
> (A) the safety and well-being of the child and whether the child's needs, including any medical or special needs, are being adequately addressed;
>
> ….
>
> (D) if the child is placed in institutional care, whether efforts have been made to ensure that the child is placed in the least restrictive environment consistent with the child's best interest and special needs;
>
> ….

attorney ad litem and conclude they do not authorize the trial court to render the orders challenged in this proceeding.

We conditionally grant the amended petition for writ of mandamus as to paragraphs 2.2 and 2.6 of the September 15, 2023 order, and paragraphs 3.3, 3.4, and 3.6 of the October 11, 2023 order. We direct the trial court to vacate these paragraphs no later than fifteen days from the date of this opinion. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

Liza A. Rodriguez, Justice

---

(E) the appropriateness of the primary and alternative permanency goals for the child, whether the department has made reasonable efforts to finalize the permanency plan, including the concurrent permanency goals, in effect for the child, and whether:

(i)     the department has exercised due diligence in attempting to place the child for adoption if parental rights to the child have been terminated and the child is eligible for adoption; or

(ii)    another permanent placement, including appointing a relative as permanent managing conservator or returning the child to a parent, is appropriate for the child.

TEX. FAM. CODE § 263.5031(a)(4)(A),(D),(E).