

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00294-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:      Patricia O. Alvarez, Justice
             Irene Rios, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: June 20, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The Texas Department of Family and Protective Services seeks mandamus review of two orders rendered from the bench on April 9, 2024. We conditionally grant mandamus relief.

## BACKGROUND

The Department is the permanent managing conservator of J.D., the seventeen-year-old child who is the subject of the underlying matter pending in the trial court. The Department has been J.D.'s permanent managing conservator since June 29, 2021, when the trial court terminated J.D.'s parents' parental rights.

At the conclusion of a permanency hearing, held on April 9, 2024, the trial court issued the following two orders from the bench:

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D. a Child*, in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

- [T]he Department shall have in place a tutor for the child as recommended by the education surrogate no later than Friday, April 12th, 2024 so that the child shall pass the ninth grades in the 2023/2024 academic year. . . . Whether it's daily, whether it's twice a day, whether it's seven days a week, the managing conservator shall provide tutoring for this child no later than April 12th, 2024 so that the child shall pass the ninth grade within the academic year of 2023/2024.

- The Department shall provide drug and alcohol treatment for the child no later than April 12th, 2024.

The Department argues that these provisions should be vacated because the court was without authority to make these rulings and because the rulings violate Texas law and the Separation of Powers Clause of the Texas Constitution.

On June 5, 2024, we issued an order requesting responses.[2]

### STANDARD OF REVIEW AND APPLICABLE LAW

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' [or if it clearly fails] to analyze or apply the law correctly . . . ." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 2006) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), *disapproved of on other grounds by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009)).

"Mandamus is [also] proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). "If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab

---

[2] Real Party in Interest filed a responsive brief, but Respondent did not.

initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## DEPARTMENT'S ARGUMENTS

In its mandamus petition, the Department argues the trial court lacked the authority to order the Department to provide tutoring for J.D. or to provide drug and alcohol treatment for J.D.

## TRIAL COURT'S AUTHORITY

### A. Separation of Powers

"The Separation of Powers Clause is violated (1) when one branch of government assumes power more properly attached to another branch or (2) when one branch unduly interferes with another branch so that the other cannot effectively exercise its constitutionally assigned powers." *In re D.W.*, 249 S.W.3d 625, 635 (Tex. App.—Fort Worth 2008, pet. denied). "Where one branch of government assumes powers more properly attached to another branch or unduly interferes with the powers of another, any resulting order is void." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 161, 168 (Tex. App.—San Antonio 2022, orig. proceeding).

### B. Permanency Hearing Assessments

The orders challenged in this mandamus proceeding were rendered at a permanency hearing following a final order. *See* TEX. FAM. CODE ANN. §§ 263.002, .501; *In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) ("When the Department has been named a child's managing conservator, the court 'shall hold a hearing to review the conservatorship appointment' at least once every six months until the child becomes an adult' . . . [to] continuously review the propriety of the Department's conservatorship . . . ." (quoting TEX. FAM. CODE ANN. §§ 263.002, .501)). At such hearings, the trial court shall "review the permanency progress report" filed by the Department. *See* TEX. FAM. CODE ANN. § 263.5031(a)(4); *In re Tex. Dep't of Fam. & Protective*

*Servs.*, 679 S.W.3d 266, 276 (Tex. App.—San Antonio 2023, orig. proceeding). "The inclusion of 'review' within the text of section 263.5031(a)(4) allows the court to inspect, consider, or reexamine the Department's permanency progress report." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171.

As we have previously explained, at a permanency review hearing "a trial court may assess the safety and well-being of the child and whether the child's needs are being adequately addressed." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 257. "But that charge presupposes the trial court will faithfully follow the applicable laws." *In re Tex. Dep't of Fam. & Protective Servs.*, 679 S.W.3d at 276 (citing TEX. CONST. art. XVI, § 1 (oath of office).

## C. Limits on Trial Court's Authority

We have also repeatedly explained that "the [L]egislature gave the Department the authority to determine which goods and services to provide the children in its care and how much to pay for those goods and services." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 248, 257 (Tex. App.—San Antonio 2022, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 2155.144(c), (d)). We have held that when the trial court orders the Department to enter into specific contracts to provide specific services to the children in the Department's care, it violates the Separation of Powers Clause of the Texas Constitution. *See, e.g.*, *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313, at *6–7 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.).

Thus, "[w]hile the trial court has continuing jurisdiction over the case and the parties and has the statutory authority to review the actions taken by the Department on behalf of a child under its care, the court may not usurp legislative authority by substituting its policy judgment for that of the Department." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171 .

**ANALYSIS**

Our analysis is guided by cases in which similar orders, rendered by the same trial court, were held to violate the Separation of Powers Clause.

In *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 175, 178 (Tex. App.—San Antonio 2022, orig. proceeding), this court held that the trial court lacked the authority to require the Department to provide a 24-hour autism expert-staff member for a child because the order usurped the legislatively vested authority of the Department to enter into child-specific contracts.

The following year, in *In re Tex. Dep't of Fam. & Protective Servs.*, this court held the trial court's orders (requiring the Department to provide private tutoring for J.D., and requiring the Department to arrange for J.D. to meet with a therapist specializing in addressing, intervening and correcting sexual maladaptive behaviors in teens) were indistinguishable from the order to provide an autism expert. No. 04-23-00382-CV, 2023 WL 5418313, at *6 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.). Accordingly, we held that these two orders violated the Separation of Powers Clause and were void. *Id*.

Recently, in *In re Tex. Dep't of Fam. & Protective Servs.*, we held that the trial court's orders directing the Department to provide J.D. with daily therapy and daily tutoring, were indistinguishable from the orders challenged in the above-cited cases, and therefore violated the Separation of Powers Clause and were void. No. 04-23-00865-CV, 2024 WL 1289597, at *3 (Tex. App.—San Antonio Mar. 27, 2024, orig. proceeding).

Turning to the present case, we again find that the orders at issue are indistinguishable from those challenged in the three preceding cases. This court has repeatedly rejected the trial court's attempts to exceed its authority and require the Department to provide tutoring or therapy for a child (including the two cases cited above involving the same child, J.D.), and we do so again,

holding that the trial court's orders requiring the Department to provide J.D. with a tutor and with drug and alcohol treatment violate the Separation of Powers Clause and are void.

## CONCLUSION

We conclude that the trial court did not have authority to order the Department to provide J.D. with a tutor or to provide J.D. with drug and alcohol treatment. Because these orders violate the Separation of Powers Clause, they are void. Therefore, we conditionally grant the petition for writ of mandamus.

We direct the trial court to vacate these two orders rendered on April 9, 2024.

- [T]he Department shall have in place a tutor for the child as recommended by the education surrogate no later than Friday, April 12th, 2024 so that the child shall pass the ninth grades in the 2023/2024 academic year. . . . Whether it's daily, whether it's twice a day, whether it's seven days a week, the managing conservator shall provide tutoring for this child no later than 15 April 12th, 2024 so that the child shall pass the ninth grade within the academic year of 2023/2024.

- The Department shall provide drug and alcohol treatment for the child no later than April 12th, 2024.

We temporarily lift our stay dated April 11, 2024, issued in the related original proceeding No. 04-24-00219-CV, and in the underlying cause, for the sole purpose of allowing the trial court to vacate these provisions. The trial court is not authorized to take any other action. All other relief is denied. The writ of mandamus will issue only if the trial court fails to comply within ten days of the date of this opinion and order.

Patricia O. Alvarez, Justice