

# NUMBER 13-24-00392-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DANIEL DE OLIVEIRA, M.D.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria[1]**

Relator Daniel De Oliveira, M.D. filed a pro se petition for writ of mandamus in which he contends, inter alia, that (1) the trial court lacks jurisdiction over him; (2) the trial court has abused its discretion by ordering the case to arbitration, failing to compel a party to produce evidence, failing to rule on motions in a reasonable time, and violating his

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

constitutional rights "due to lack of due process and judicial misconduct"; and (3) various orders are invalid and unenforceable.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when a trial court issues an order "beyond its jurisdiction," mandamus relief is appropriate because its order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

The relator bears the burden to show that it is entitled to mandamus relief. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Vara*, 668 S.W.3d 827, 828 (Tex. App.—El Paso 2023, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator "must state concisely all issues or points presented for relief," a statement of facts supported by citations to "competent evidence included in the appendix or record,"

and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix and record sufficient to support the claim for mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix), R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that the relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
9th day of August, 2024.