

# NUMBER 13-26-00476-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE WILLIAM TRAVIS HAWK JR. AND REBECCA MAE HAWK

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice West[1]**

Relators William Travis Hawk Jr. and Rebecca Mae Hawk have filed a pro se petition for writ of mandamus raising nine issues and seeking various forms of relief against the trial court judge and the presiding judge of the Fourth Administrative Judicial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Region.[2] We deny the petition for writ of mandamus in part, and we dismiss it in part.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

First, relators seek relief, in part, against the judge of the trial court. The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex. 1992) (orig. proceeding). That burden includes, *inter alia*, providing a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3, 52.7; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus

---

[2] Relators previously sought mandamus relief regarding some of these same and similar issues. *In re Hawk*, No. 13-26-00226-CV, 2026 WL 817238, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2026, orig. proceeding) (mem. op.). Relators further have a pending appeal arising from this same cause pending in this Court in our appellate cause number 13-26-00285-CV.

must show himself entitled to the extraordinary relief he seeks."). Relators have not met their burden to obtain mandamus relief against the judge of the trial court. Accordingly, we deny relators' emergency motion for temporary relief and relators' request for an "extra-regional judicial reassignment." And we deny the petition for writ of mandamus, in part, as to relators' request for relief against the judge of the trial court.

Second, relators seek relief, in part, against the presiding judge of the Fourth Administrative Judicial Region. However, our mandamus jurisdiction does not extend to the presiding judge of an administrative judicial region, and relators have not otherwise established that mandamus is necessary to enforce this Court's jurisdiction. *See* TEX. GOV'T CODE § 22.221(a), (b), (c); *In re McClairne*, No. 14-26-00562-CV, 2026 WL 1691241, at *1 (Tex. App.—Houston [14th Dist.] June 11, 2026, orig. proceeding) (per curiam) (mem. op.). Further, to the extent that relators' petition for writ of mandamus can be construed to seek relief against the district clerk and other parties to the underlying litigation, we reach the same conclusion. *See* TEX. GOV'T CODE § 22.221(a), (b), (c); *In re Arabzadegan*, No. 03-26-00233-CV, 2026 WL 679464, at *1 (Tex. App.—Austin Mar. 11, 2026, orig. proceeding) (mem. op.); *In re Jackson*, No. 01-25-00069-CR, 2025 WL 554197, at *1 (Tex. App.—Houston [1st Dist.] Feb. 20, 2025, orig. proceeding) (per curiam) (mem. op.). Therefore, we dismiss the petition for writ of mandamus in part as to those requests for relief.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that the petition for writ of mandamus

should be denied in part and dismissed in part. We deny the petition for writ of mandamus in part as to relators' requests for relief against the judge of the trial court, and we dismiss the petition for writ of mandamus for lack of jurisdiction, in part, as to relators' remaining requests for relief.

JON WEST
Justice

Delivered and filed on the
18th day of June, 2026.

4